UNITED STATES DISTRICT COURT        FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

PETER LUTZKER,

                Plaintiff,        MEMORANDUM
                                          AND ORDER
                                          07-CV-3272 (JG) (RER)

    -against-

NOVO NORDISK PHARMACEUTICALS,
INC.,

                Defendant.
-----------------------------------------------------------x
A P P E A R A N C E S :

       BALLON STOLL BADER & NADLER, P.C.
           1450 Broadway, 14th Floor
           New York, NY 10018
       By:   Marshall Bellovin
               Will Levins
               Kira Tsiring
               Attorneys for Plaintiff

       MORGAN, LEWIS & BOCKIUS LLP
           101 Park Avenue
           New York, NY 10178
       By:   Jill E. Jachera
               Jill Barbarino
               Attorneys for Defendant

JOHN GLEESON, United States District Judge:

        Peter Lutzker sues his former employer Novo Nordisk Pharmaceuticals, Inc., ("Novo Nordisk"), alleging gender discrimination and retaliation in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290-301, and the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101 to 8-1011, as well as slander under New York common law. Novo Nordisk removed this action from New York State Supreme Court pursuant to this court's diversity jurisdiction and now seeks judgment on the

pleadings dismissing portions of the complaint.[1]  For the reasons that follow, the motion is granted to the extent that Lutzker's NYCHRL claims are dismissed and his slander claim is dismissed with leave to replead.

## BACKGROUND

A.  *The Facts Giving Rise to Lutzker's Claim*[2]

Lutzker, a retired police officer, began to work for the pharmaceutical company Novo Nordisk in November 2002 as a sales representative.  He had no office, but his sales territory was exclusively in Long Island.[3]  He had a good relationship with his supervisor Adam Stupak and received positive performance reviews.  In early 2003, Lutzker became involved in a dispute with Al Caronia, another employee, who threatened him on one occasion.  Caronia and his wife Dorothy Sciallo, another Novo Nordisk employee, also cursed at Lutzker and made vulgar gestures behind his back at a meeting in early 2003.

In January 2004, Sciallo replaced Stupak as Lutzker's supervisor and subjected him to a hostile work environment.  Sciallo gave Lutzker worse evaluations and bonuses than Stupak had, and refused to let him use the restroom at a meeting.  She also treated female employees under her supervision more favorably, inviting only female employees to outings and assigning only female sales representatives to trade shows.

On January 25, 2004, Lutzker complained to regional director Patrick Loustau regarding this discrimination and harassment.  Shortly after sending this complaint, Lutzker was

---

[1] Novo Nordisk styles the motion as one under Rule 12(b)(6), but the pleadings have closed, so I construe the motion as one for judgment on the pleadings under Rule 12(c).

[2] The facts set forth here are either undisputed or constitute Lutzker's version of events, and are drawn from Lutzker's complaint.  *See, e.g.*, *Lentell v. Merrill Lynch & Co., Inc.*, 396 F.3d 161, 165 (2d Cir. 2005) ("Because we assume plaintiff's factual allegations to be true on review of a motion to dismiss pursuant to Rule 12(b)(6), the facts of Merrill Lynch's fraud are taken from the amended complaints and any documents on which they rely."  (citation omitted)).

[3] This fact was not included in the complaint but was conceded by Lutzker at oral argument.

informed by Human Resources that he was no longer permitted to carry a firearm, volunteer for the fire department, or take emergency lights in a company car.  He had been permitted to engage in all of these activities when Stupak had supervised him.

Shortly after Lutzker's complaint, Sciallo summoned him to a storage unit for a sales review.  This was unusual, as sales reviews were customarily conducted at restaurants.  When Lutzker arrived at the storage unit, Sciallo did not conduct a sales review but instead frisked him, claiming that she was searching for a weapon.  In conducting this search, Sciallo grabbed Lutzker's crotch and reached inside his pants to grope his genitals.  Sciallo refused to stop despite Lutzker's protestations, saying "I dated cops; I know where you guys keep your weapons."  Compl. ¶ 32.

Lutzker then complained to Loustau and Human Resources Generalist Sharon Slayback, requesting a transfer to a different supervisor due to heart palpitations, migraines, and stress developed due to Sciallo's discrimination.  This request was denied and his complaint about Sciallo's treatment was not investigated, but Lutzker successfully petitioned for disability leave from April 19, 2004 to July 4, 2004.

Lutzker ceased his employment on July 25, 2004 due to his inability to tolerate Sciallo's conduct, which included constant yelling at him; refusal to give him credit for his work; forbidding him from attending a dinner to which a friend invited him; denying him reimbursement for $19,413.39 in business expenses; and making the following defamatory comments:  "Peter Lutzker is a real dirtbag"; "Peter Lutzker is a real headache"; "Peter Lutzker didn't really sell"; "Peter Lutzker has holes in his shoes and clothing"; and "Peter Lutzker is unkempt," Compl. ¶ 46.

B.   *The Procedural History*

On June 28, 2007 Lutzker commenced this suit by filing a summons with notice in the New York Supreme Court, Kings County. The notice described the nature of the action as one to recover damages for gender discrimination by disparate treatment; hostile work environment; retaliation; and constructive discharge in violation of the NYSHRL. Summons 1. Novo Nordisk removed the case to this court on August 8, 2007 based on this court's diversity jurisdiction.

On November 21, 2007, Lutzker filed a complaint alleging the claims set forth in the summons, as well as claims of gender discrimination by disparate treatment, sexual harassment, a hostile work environment, and constructive discharge under the NYCHRL; retaliation under the NYCHRL; slander under New York common law; and claims of disability discrimination, since withdrawn, under the NYSHRL.

The defendants move to dismiss Lutzker's NYCHRL claims based on the statute of limitations and the complaint's failure to allege that any of the discriminatory conduct occurred in New York City, and to dismiss Lutzker's slander claims on the grounds that he failed to meet the heightened pleading standards and that the slander was not committed within the scope of Sciallo's employment with Novo Nordisk.

DISCUSSION

A.   *The Legal Standard for Motions for Judgment on the Pleadings.*

Motions to dismiss pursuant to Rule 12(b)(6) test the legal, not the factual, sufficiency of a complaint. *See, e.g.*, *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000) ("At the Rule

4

12(b)(6) stage, '[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998))). The standard for a motion for judgment on the pleadings is the same. *See Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999) ("In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6) . . . .").

Accordingly, I must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). However, I do not give effect to "legal conclusions couched as factual allegations." *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)). While generally "[s]pecific facts are not necessary" to state a claim so long as the statement gives the defendant "'fair notice of what the . . . claim is and the grounds on which it rests,'" *Erickson*, 127 S. Ct. at 2200 (quoting *Twombly*, 127 S. Ct. at 1964), in at least some circumstances a plaintiff must plead specific facts in order to survive a motion to dismiss. *Twombly*, 127 S. Ct. at 1964-65. The Second Circuit has interpreted this principle as a "flexible 'plausibility standard'" under which a plaintiff must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis omitted) (interpreting *Twombly*).

B.    *The NYCHRL Claims*

1.    *The Statute of Limitations*

The defendants argue that the NYCHRL claims are barred by the NYCHRL's three-year statute of limitations. N.Y. City Admin. Code § 8-502(d). The last act of discrimination alleged is Lutzker's constructive discharge on July 25, 2004. Lutzker's filing of

5

the summons with notice took place on June 28, 2007, within the three-year limitations period, but his filing of the complaint, which first articulated the NYCHRL claims, did not occur until November 21, 2007, outside the limitations period. Accordingly, if the effective date of the NYCHRL claims is the date of the summons, the claims are not time-barred, but if the effective date of the NYCHRL claims is that of the complaint, the claims are time-barred

N.Y. C.P.L.R. 203(a) provides that the statute of limitation on a claim runs from the time the cause of action accrues to the time that the claim "is interposed." A claim in a complaint "is interposed against the defendant . . . when the action is commenced." N.Y. C.P.L.R. 203(c) (concerning actions commenced by filing). Under N.Y. C.P.L.R. 304(a), 305(b) an action may be commenced by filing a summons without a complaint, so long as the summons is accompanied by "a notice stating the nature of the action and the relief sought, and . . . the sum of money for which judgment may be taken in case of default." N.Y. C.P.L.R. 305(b). Thus, a straightforward reading of New York's civil practice rules indicates that claims contained in the complaint are automatically deemed to have been initiated at the time the summons with notice is filed, even when this is earlier than the filing of the complaint.[4]

Therefore, if this case had remained in New York state court, the NYCHRL allegations would have been interposed within the three-year statute of limitations in the absence of a claim that the complaint itself was not timely filed. However, in this case removal occurred

---

[4] Of course, the initial notice must be sufficient or else the summons will be jurisdictionally defective, *Parker v. Mack*, 61 N.Y.2d 114, 115-17 (1984), and the complaint must be timely served, *see Imperiale v. Prezioso*, 781 N.Y.S.2d 580, 582 (Sup. Ct. 2004) ("[W]hen the delay in serving the complaint is more than a few days, the failure to timely serve is considered a default by the plaintiff and treated as such by the courts."); *see also* N.Y. C.P.L.R. 3012(b) (describing timing requirements for service of a complaint following a summons with notice). Novo Nordisk has not alleged that the complaint was untimely served in this case. To the extent that Novo Nordisk challenges the sufficiency of the original notice standing alone, I reject that challenge. *See, e.g.*, *Grace v. Crane Bay Serv. of Long Island, Inc.*, 785 N.Y.S.2d 472, 473-74 (2d Dep't 2004) (finding that a notice describing the action only as "a personal injury action" and specifying the amount of damages claimed was sufficient, citing cases).

between the filing of the summons with notice and the filing of the complaint. Thus, Novo Nordisk argues that Rule 15(c), governing amendments to pleadings, controls, and allows the complaint to relate back to the notice only to the extent that it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

In order for the complaint to be governed by Rule 15(c), the original notice must be a "pleading" that the complaint amends. I agree with Novo Nordisk that a notice is an original pleading for the purposes of Rule 15(c), as it performs the essential function of a pleading, which is to place the opposing party on notice of the party's position. *See Bridgeway Corp. v. Citibank, N.A.*, No. 97-CV-884 (DC), 00-CV-3598 (DC), 2003 WL 402790, at *3 (S.D.N.Y. Feb. 20, 2003) ("For these purposes [*i.e.*, for the purposes of relation back under Rule 15(c)], the summons together with the motion for summary judgment in lieu of complaint were the functional equivalent of either a summons and complaint *or a summons with notice*." (emphasis added)). While Rule 7 appears to exclude notices from the category of permissible pleadings, I read this rule as merely restricting the type of pleadings that may be actually filed in federal court, and not to say anything as to whether a document filed in a state proceeding later removed to federal court is a pleading. *Cf., e.g.*, *Flood v. Celin Jewelry, Inc.*, 775 F. Supp. 700, 701 (S.D.N.Y. 1991) (finding a summons with notice constitutes an "initial pleading" for the purposes of the federal removal statute, 28 U.S.C. § 1446(b)).

However, if the summons with notice constitutes an original pleading and the complaint constitutes an amendment, then Rule 15(c)(1)(A) applies. Under Rule 15(c)(1)(A), an amendment to a pleading relates back when "the law that provides the applicable statute of

7

limitations allows relation back." As noted above, New York law, which provides the applicable statute of limitations, deems the allegations made in the complaint to have been made on the date of the commencement of an action commenced by summons with notice. N.Y. C.P.L.R. 203(a), (c), 304(a), 305(b). Although New York law does not characterize this as relation back, it also does not characterize a summons with notice as a pleading. *Universal Motors Group of Cos. Inc. v. Wilkerson*, 674 F. Supp. 1108, 1113 (S.D.N.Y. 1987) (citing N.Y. C.P.L.R. 3011). As I agree with the defendants that a summons with notice is in effect a pleading for Rule 15(c), purposes, I find that New York's provisions regarding commencement of an action based on a summons with notice in effect authorize relation back for Rule 15(c) purposes. *Cf. Sidney v. Wilson*, 228 F.R.D. 517, 521 (S.D.N.Y. 2005) (characterizing parallel N.Y. C.P.L.R. provision regarding the interposition of an action as a "relation back provision" for the purposes of an earlier version of Rule 15(c)(1)(A)). Therefore, under Rule 15(c)(1)(A), the allegations made in Lutzker's complaint relate back to the date of the summons with notice, and are thus timely.

Even if Rule 15(c)(1)(A) did not apply, I would find that Lutzker's NYCHRL claims related back to the date of his summons with notice under Rule 15(c)(1)(B), because Lutzker's NYCHRL claims arise out of the same conduct as his NYSHRL claims. It is true, as Novo Nordisk claims, that the central question in determining whether a claim should relate back is "whether adequate notice of the matters raised in the amending pleading has been given to the opposing party by the general fact situation alleged in the original pleading." *Riola v. Long Island Cycle & Marine, Inc.*, No. 02-CV-1565 (SJF) (JO), 2004 WL 5392605, at *1 (E.D.N.Y. Aug. 10, 2004) (internal quotation marks omitted). However, here the general fact situation is exactly the same, and the only difference is the legal theory and the jurisdictional requirement

that some discrimination have occurred in New York City. Thus, relation back under Rule 15(c)(1)(B) is plainly appropriate.

      2.    *The NYCHRL's Jurisdictional Requirement*

The NYCHRL is limited in its operation to conduct occurring within New York City. N.Y. City Admin. Code § 2-201. Thus, "in order to state a claim under the NYCHRL, all 'plaintiffs must allege that the defendants intentionally discriminated against them within New York City.'" *Germano v. Cornell Univ.*, No. 03-CV-9766 (DAB), 2005 WL 2030355, at *4 (S.D.N.Y. Aug. 17, 2005) (quoting *Casper v. Lew Lieberbaum & Co., Inc.*, No. 97-CV-3016, 1998 WL 150993, at *4 (S.D.N.Y. Mar. 31, 1998)).

In determining where discrimination occurred, courts focus on "the location of the *impact* of the offensive conduct." *Salvatore v. KLM Royal Dutch Airlines*, No. 98-CV-2450, 1999 WL 796172, at *16 (S.D.N.Y. Sept. 30, 1998) (emphasis added). Thus, where a plaintiff employed outside New York City alleges that offensive conduct occurring on isolated outings to New York City contributed to a hostile work environment outside of New York City, *id.* at *17, or that harassment and pressure to retire occurred on meetings in New York City eventually leading to the plaintiff's constructive discharge from a job outside New York City, *Germano*, 2005 WL 2030355, at *5, but does not allege that any adverse employment action took place in New York City, courts will grant motions to dismiss.

Here the complaint does not say anything about any conduct occurring in New York City. Accordingly, his NYCHRL claims must be dismissed for failure to state a claim. Lutzker seeks leave to amend his complaint to add the sentence "some of the discriminatory conduct occurred within the City of New York." Pls.' Mem. Opp. Mot. Dismiss 5. As a basis

9

for this application for leave to amend, he claims that some of the outings and trade shows to which females were invited occurred in New York City. *Id.* (citing Compl. ¶ 24).[5] This fails to allege that the impact of any discriminatory conduct, or that any adverse employment action, took place in New York City. Therefore, it is an insufficient basis to grant Lutzker leave to amend his complaint with respect to his NYCHRL claims. *See, e.g.*, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (noting that futility can justify denying leave to amend).

C. *The Slander Claim*

    1. *Vicarious Liability for Sciallo's Remarks*

Under New York law, an employer will be vicariously liable for a defamatory statement made by an employee only if the employee "made the statement in the course of performance of her duties." *Perks v. Town of Huntington*, 251 F. Supp. 2d 1143, 1166 (E.D.N.Y. 2003) (citing cases). While "'[t]here is no single mechanical test to determine whether at a particular moment an employee is engaged in the employer's business,'" *id.* (quoting *Rausman v. Baugh*, 682 N.Y.S.2d 42, 43 (2d Dep't 1998)), courts look to the following factors to determine whether an employee's action was performed within the scope of her employment:

> (1) whether the employee's act fell within the discretion and control of the employer; (2) whether the employee acted under the express or implied authority of the employer; (3) whether the employee's act was in furtherance of the employer's interests; (4) whether the employee's acts were in the "discharge of duty" to the employer; (5) whether the act was in execution of the employer's orders or part of the work assigned by the employer; and (6) whether the acts were "so closely connected" with what the employer was hired to do, and "so fairly and reasonably incidental

---

[5] At oral argument, Lutzker also claimed that if granted leave to amend his complaint he would allege that he was permitted to attend some trade shows in New York but that Sciallo authorized female employees to take a lead role interacting with customers at that shows instead of him.

> to it, that they may be regarded as methods, even though quite
> improper ones, of carrying out the objectives of employment."

*Perks*, 251 F. Supp. 2d at 1166 (quoting *Rausman*, 682 N.Y.S.2d at 43-44).

Lutzker argues that he has adequately pled that Sciallo's statements were within the scope of her employment simply by claiming in the complaint that they were. However, the complaint's description of these comments as "in the scope of [Sciallo's] employment as a supervisor at [Novo] Nordisk," Compl. ¶ 44, is a legal conclusion couched as a factual allegation, and I give it no effect. *Port Dock & Stone*, 507 F.3d at 121. Lutzker does make the factual claim that Sciallo's statements were made "with [Novo] Nordisk's approval and consent." Compl. ¶ 44. Although actionable remarks would have to have been made over two years after Lutzker's employment ended (due to the statute of limitations, N.Y. C.P.L.R. 215(3)), taking as true, as I must, Lutzker's claim that Sciallo made these remarks with Novo Nordisk's "approval and consent," I conclude that he has adequately alleged that the statements were made in the scope of Sciallo's employment.

The defendant argues that it is appropriate to rule as a matter of law that Sciallo's statements could not have been made within the scope of her employment, citing *Ello v. Singh*, 531 F. Supp. 2d 552, 581-82 (S.D.N.Y. 2007). In *Ello*, the sole basis the plaintiff alleged for vicarious liability as to one act of defamation was that the employer knew that his subordinates had posted the defamatory picture on the employer's computer network. *Id.* at 582. The court found that mere knowledge of these actions did not implicate any of the *Rausman* factors, and thus by alleging only knowledge the plaintiff had failed to state a claim that the subordinates' defamation was made within the scope of their employment. *Id.* Here, however, Lutzker has alleged not mere knowledge but approval and consent by Novo Nordisk. Compl. ¶ 44. If Novo

11

Nordisk approved and consented to Sciallo making defamatory remarks about Lutzker, it might be appropriate to conclude that those remarks were made in furtherance of Novo Nordisk's interests or at Novo Nordisk's direction in order to retaliate against or discredit a disgruntled former employee, implicating several *Rausman* factors. *See Rausman*, 682 N.Y.S.2d at 43-44 (enumerating factors). While it is another matter for Lutzker to prove that remarks so remote in time from his employment were made at Novo Nordisk's behest, he has pled it adequately to survive dismissal on this ground.

2. *Slander's Heightened Pleading Requirements*

Under New York law, in order to state a claim for slander a plaintiff must allege "(1) that a defamatory statement of fact was made concerning [him or her]; (2) that the defendant published the statement to a third party; (3) that the statement was false; (4) that there exists some degree of fault; (5) and that there are special damages or that the statement is defamatory *per se*." *Ello*, 531 F. Supp. 2d at 575 (internal quotation marks omitted). "While the defamation need not be pled *in haec verba*, a pleading is only sufficient if it adequately identifies the purported communication, and an indication of who made the communication, when it was made, and to whom it was communicated." *Camp Summit of Summitville, Inc. v. Visinski*, No. 06-CV-4994 (CM) (GAY), 2007 WL 1152894, at *10 (S.D.N.Y. Apr. 16, 2007) (internal quotation marks omitted).

Lutzker's complaint sets forth the speaker and the alleged defamatory remarks, one of which is defamatory *per se*,[6] and alleges that they were made within the three months prior to the date of the complaint, but does not say to whom they were made at all. Accordingly,

---

[6] *See Ello*, 531 F. Supp. 2d at 575 (noting that a statement that "disparage[s] the plaintiff in the way of his or her office, profession, or trade" is defamatory *per se* (internal quotation marks omitted)).

this claim is subject to dismissal. *See, e.g.*, *id.* at *12 (dismissing defamation claim due to failure to specify speaker and audience, citing cases); *Hawkins v. City of New York*, No. 99-CV-11705 (RWS), 2005 WL 1861855, at *18 (S.D.N.Y. Aug. 4, 2005) (dismissing defamation claim due to failure to specify remarks and audience); *Gill v. Pathmark Stores, Inc.*, 655 N.Y.S.2d 623, 624-25 (2d Dep't 1997) (affirming dismissal of defamation claim due to failure to specify defamatory remarks and audience); *Ott v. Automatic Connector, Inc.*, 598 N.Y.S.2d 10, 11 (2d Dep't 1993) (similar). Therefore, I dismiss this claim with leave to replead.

## CONCLUSION

For the reasons stated above, Lutzker's NYCHRL claims are dismissed without leave to replead, and Lutzker's defamation claim is dismissed with leave to replead.

So ordered.

John Gleeson, U.S.D.J.

Dated: April 2, 2008
      Brooklyn, New York